IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CR-74-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| VINCENT BRUCE JACKSON | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the New Hanover County Sheriff Department's Vice and Narcotics Unit. The defendant presented no evidence. For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a four-count indictment on 27 August 2014 with: one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin between about August and November 2013 in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); and three counts of distribution and possession with the intent to distribute a mixture and substance containing a detectable amount of heroin on or about 5 November 2013, 8 November 2013, and 12 November 2013 in violation of 21 U.S.C. § 841(a)(1) (cts. 2-4). The evidence presented at the hearing showed that the charges arise from three controlled and recorded controlled purchases of heroin from defendant by a confidential informant. Each transaction was for about 12 grams of heroin costing $2,000.

After his arrest, defendant admitted to buying 50 grams of heroin every other week from a person in Baltimore.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of the community before trial.

Alternatively, the court finds that the evidence from the government and the information in the pretrial services report show by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required if he were released. This alternative finding is based on, among other facts, the drug-related nature of the charges against defendant, his commission of the alleged offenses while on supervised release for a prior felony drug conviction in this court, and his extensive criminal record.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 11th day of September 2014.

James E. Gates
United States Magistrate Judge